IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| CHARLES AARON BROOKS | : | NO. 95-564-1 |

<u>MEMORANDUM</u>

Bartle, J.                                                                   July 29, 2020

      Before the Court is the pro se petition of defendant Charles Aaron Brooks for early release into home confinement pursuant to Section 12003(b) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), as well as compassionate release under 18 U.S.C. § 3582(c), as amended by the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).

I

      On July 26, 1996, at a trial presided over by Judge Edmund V. Ludwig, a jury found Brooks guilty on one count of conspiracy to commit armed robbery in violation of 18 U.S.C. § 371, four counts of armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113 and 2, and three counts of using a firearm during a violent crime under 18 U.S.C. § 924(c)(1).

      On November 13, 1996, Judge Ludwig imposed concurrent sentences of 60 months for conspiracy to commit armed bank robbery and 262 months for armed bank robbery and aiding and abetting. On

the three counts for the use of a firearm during a crime of violence, Judge Ludwig sentenced Brooks to five, twenty, and twenty years, all to run consecutively with the concurrent 60 and 262 month sentences as mandated by 18 U.S.C. § 924(c)(1).  The total term of imprisonment was 66 years and 10 months.  At the sentencing hearing, Judge Ludwig stated that an appropriate sentence in his view would be approximately one-third, or 20 to 25 years, of the required term under Section 924(c)(1).

Brooks is now 56 years old.  He has served 25 years of his sentence.  He is currently incarcerated at the United States Penitentiary, Allenwood ("USP Allenwood") where he recently submitted a request to the warden for early release.  On May 22, 2020, the warden denied Brooks' request and stated:

> In regards to your request for compassionate release based on your medical conditions, your request does not meet the criteria set forth in Program Statement 5050.50, Compassionate Release/Reduction in Sentence.  A medical review determined you have not been diagnosed with a terminal, incurable disease with a life expectancy of eighteen months or less, you are able to care for your daily needs, and you are not confined to a bed or wheelchair for greater than fifty percent of your waking hours.
>
> In regards to your request for Home Confinement, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") grants discretion to the [Bureau of Prisons] to place inmates on home confinement for a longer term under 18 U.S.C. § 3624(c)(2).  The [Bureau of Prisons]'s discretion is guided by criteria listed in memoranda from the Attorney General.  A comprehensive review of your circumstances

> reveal you have a current offense of violence
> and you have a detainer lodged against you.
> Therefore, you are ineligible for
> consideration.

On April 18, 2020, Brooks submitted to the Court a pro se petition in which he seeks judicial review of the warden's decision to deny his request for release.[1] Brooks requests release under 18 U.S.C. §§ 3582(c)(1)(A)(i) and 3582(c)(1)(B), as well as Application Note 1(D) to Policy Statement § 1B1.13 of the United States Sentencing Guidelines ("USSG").

Brooks does not specify what medical conditions he contends warrant his release but submits medical records with his petition.  He states in his petition that he is also suffering from various mental health conditions.  He argues that recent amendments to reduce the severe penalties required by 18 U.S.C. § 924(c)(1) as well as Judge Ludwig's wish to impose a lesser sentence amount to extraordinary and compelling reasons for his release.  Brooks also contends he is rehabilitated.

II

We first address Brooks' request to be released early into home confinement under Section 12003(b)(3) of the CARES Act. Brooks states in his petition that he suffers from certain mental

---

1. Due to a delay in the handling of mail during the initial weeks of the coronavirus pandemic, Brooks' petition was filed by the Clerk of Court on June 4, 2020.

health conditions.  He also submits his medical records in support of his petition.

Courts do not have the authority to review decisions of the BOP to release inmates into home confinement under the CARES Act.  This discretion rest solely with the Attorney General and the BOP.  United States v. Mansaray, Criminal Action No. 13-236, 2020 WL 3077184, at *1 (E.D. Pa. June 10, 2020).

Accordingly, we will deny the petition of Brooks for early release into home confinement under the CARES Act.

III

We turn to Brooks' request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603(b) of the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5239 (2018).  Section 3582(c) provides in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
>   (1) in any case--
>
>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>    (i) <u>extraordinary and compelling reasons</u>
>    warrant such a reduction . . .
>
>       and that such a reduction is consistent
>       with applicable policy statements issued
>       by the Sentencing Commission . . .
>
>    (B) the court may modify an imposed term
>    of imprisonment to the extent otherwise
>    expressly permitted by statute or by Rule
>    35 of the Federal Rules of Criminal
>    Procedure . . .

18 U.S.C. § 3582(c) (emphasis added).

The Congress directed the United States Sentencing Commission to promulgate regulation which identified what are to be considered "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c). 28 U.S.C. § 994(t). It also required that the rehabilitation of a defendant alone not be considered an extraordinary and compelling reason. Id.

Following this directive, the Sentencing Commission issued a policy statement which provides that a court may reduce a term of imprisonment if, after considering applicable factors set forth in 18 U.S.C. § 3553(a), the court determines that: (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; (3) and "the reduction is consistent with this policy statement." USSG § 1B1.13.

The Sentencing Commission identifies "extraordinary and compelling reasons" in Application Note 1 to USSG § 1B1.13:

**1. Extraordinary and Compelling Reasons.**--Provided the defendant [is not a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g)], extraordinary and compelling reasons exist under any of the circumstances set forth below:

**(A) Medical Condition of the Defendant.**--

(i) The defendant is suffering from a terminal illness . . . . (ii)(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.**—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.**--As determined by the Director of the Bureau of Prisons, there

> exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Brooks seeks relief under Application Note 1(D) which permits the BOP the discretion to release prisoners for reasons other than those set out under Application Note 1(A)-(C). The warden at USP Allenwood relied only on Brooks' medical condition to deny him compassionate release.

Brooks does not address his medical condition in his petition. However, a review of his medical records shows he has arthritis in his knees, bunions, lower back pain, and recently underwent surgery on one of his knees. Brooks also describes several mental health conditions and paints a picture of a tragic childhood.

Brooks has failed to raise any evidence he suffers from a terminal illness, physical or medical condition, cognitive or functional impairment, or age-related deterioration which substantially diminishes his ability to provide self-care in prison. See Application Note 1(A). Brooks is walking and engaging in the normal activities of daily life in prison. He undergoes treatment and takes mediation to address his medical conditions. Brooks is 56 years old and therefore not eligible for release under Application Note 1(B). Further, Brooks does state in his petition he seeks release to substitute an incapacitated caregiver of his minor child, spouse, or partner. See Application

Note 1(C).  Though the Court acknowledges the difficulty of Brooks' childhood, it does not otherwise amount to an extraordinary and compelling reason for his release.  See Application Note 1(D).

Even if the medical condition of Brooks was an extraordinary and compelling reason to grant him compassionate release, the Court must still consider the factors set out in 18 U.S.C. § 3553(a) where applicable.  See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

At a jury trial, the Government presented evidence that on three occasions between June 13 and August 12, 1995 Brooks entered a bank, pointed a firearm at unarmed tellers or security guards, and succeeded in fleeing with tens of thousands of dollars in cash.  The Government presented evidence that Brooks then conspired with Terrel Sanders to case several banks and ultimately to commit a fourth bank robbery on September 1, 1995.

The Government also presented evidence that while in federal custody awaiting trial, Brooks called co-conspirators and criminal associates to arrange the disappearance of the gun he used in the robberies and to prevent various witnesses from assisting the FBI with its investigation.  A jury convicted Brooks of four separate armed bank robberies after hearing this evidence.  Further, Brooks' prison record shows abysmal behavior over the last 25 years.  He has accumulated over 75 infractions for

violations of prison rules, threats of bodily harm, and sexual offenses.  It is imperative that the Court protect the public from further crimes of the defendant and that the defendant continues to serve his lengthy sentence to reflect the seriousness of his offenses.  We find the applicable Section 3553(a) factors heavily weigh against Brooks' release.[2]

For these reasons, we will deny the petition of Brooks for compassionate release under Application Note 1(D) to USSG § 1B1.13, as promulgated under 18 U.S.C. § 3582(c)(1)(A)(i).

IV

Brooks' also challenges, under 18 U.S.C. § 3582(c)(1)(B), the length and consecutive running of his sentences under 18 U.S.C. § 924(c)(1), as amended by Section 403 of the First Step Act ("FSA").  See FSA § 403, 132 Stat. at 5221-22.

Section 3582(c)(1)(B) in relevant part permits this Court to modify an imposed term of imprisonment to the extent expressly permitted by another statute.  Brooks argues that changes to the length and requirements for consecutive sentences

---

[2]. Brooks contends he is rehabilitated.  Assuming Brooks had made efforts to better himself in prison -- a proposition which is highly doubtful -- rehabilitation cannot alone be considered an extraordinary and compelling reason for release.  See 28 U.S.C. § 994(t).

mandated by 18 U.S.C. § 924(c)(1) permit this Court to modify his sentence.

Brooks was sentenced under Section 924(c)(1) on November 13, 1996. At that time the pertinent part of Section 924(c)(1) mandated as follows:

> (c)(1) Whoever, during and in relation to any crime of violence . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence . . ., be sentenced to imprisonment for <u>five years</u>, . . . . <u>In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years</u>, . . . .
>
> Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, <u>nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment</u> . . . .

18 U.S.C. § 924 (West 1996) (emphasis added).

Several years before Brooks was sentenced in 1996, the Supreme Court upheld the position of the Eleventh, Eighth, Sixth, Seventh, and Fourth Circuits that Section 924(c)(1) required the consecutive running of sentences for convictions thereunder even where they resulted from the same criminal proceeding. <u>Deal v. United States</u>, 508 U.S. 129, 137 (1993). However, the severe penalties mandated by Section 924(c)(1) have since been amended

-10-

several times -- most recently by Section 403 of the First Step Act on December 21, 2018.

> Section 924(c)(1) now provides in pertinent part:
>
> (c)(1)(A) . . . any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . –
>
>   (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years. . . . .
>
> (C) In the case of a violation of this subsection that occurs <u>after a prior conviction under this subsection has become final</u>, the person shall—
>
>   (i) be sentenced to a term of imprisonment of not less than 25 years. . . .
>
> (D) Notwithstanding any other provision of law--
>
>   (i) . . . (ii) <u>no term of imprisonment imposed on a person under this subsection shall run concurrently</u> with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1) (West 2018) (emphasis added).

Brooks was sentenced on his three Section 924(c)(1) convictions to three consecutive terms of imprisonment.  The total sentence on these counts was 45 years as the statute required on November 13, 1996.  Today, if Brooks were sentenced on the three convictions, having brandished a firearm on each occasion, he would receive a 21-year sentence for his Section 924(c)(1) convictions, and not the 45 years imposed.  See 18 U.S.C. § 924(c)(1)(A)(ii).  With this sentence running consecutively with the 262 month sentence for armed bank robbery and aiding and abetting, his total sentence would be 42 years and 10 months.  Brooks argues that because he would receive a lesser term of imprisonment if sentenced today, extraordinary and compelling reasons exist for his release.

Amendments to criminal penalties set out by the Congress do not have retroactive effect unless the repealing act expressly so provides.  1 U.S.C. § 109; see also Dorsey v. United States, 567 U.S. 260, 272 (2012).  The Congress directed that the amendments provided by the First Step Act "apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  FSA § 403(b) (emphasis added).  This language stands in stark contrast to the language in the very next section of the First Step Act which expressly directs that "[a] court that imposed a sentence for [certain crack cocaine convictions] may, on

motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . <u>were in effect at the time the covered offense was committed</u>.  <u>Id.</u> (emphasis added).  If the Congress intended changes made by the First Step Act to Section 924(c)(1) to apply retroactively, it would have expressly said so.  In sum, Brooks' sentences totaling 45 years on his convictions for using a firearm during a violent crime, imposed by Judge Ludwig in 1996, still stand.

      Accordingly, we will also deny the petition of Brooks for compassionate release under 18 U.S.C. § 3582(c)(1)(B).