IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| CHARLES AARON BROOKS | : | NO. 95-564-1 |

MEMORANDUM

Bartle, J.                                                            April 5 , 2022

The court has before it the motion of defendant Charles Aaron Brooks, acting pro se, for reduction in sentence under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

I

The court set out the background of Brooks's underlying criminal case in its July 29, 2020 Memorandum:

> On July 26, 1996, at a trial presided over by Judge Edmund V. Ludwig, a jury found Brooks guilty on one count of conspiracy to commit armed robbery in violation of 18 U.S.C. § 371, four counts of armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113 and 2, and three counts of using a firearm during a violent crime under 18 U.S.C. § 924(c)(1).
> 
> On November 13, 1996, Judge Ludwig imposed concurrent sentences of 60 months for conspiracy to commit armed bank robbery and 262 months for armed bank robbery and aiding and abetting. On the three counts for the use of a firearm during a crime of violence, Judge Ludwig sentenced Brooks to five, twenty, and twenty years, all to run consecutively with the concurrent 60- and

> 262-month sentences as mandated by 18 U.S.C.
> § 924(c)(1). The total term of imprisonment
> was 66 years and 10 months. At the
> sentencing hearing, Judge Ludwig stated that
> an appropriate sentence in his view would be
> approximately one-third, or 20 to 25 years,
> of the required term under Section
> 924(c)(1).

United States v. Brooks, Cr. A. 95-564-1, 2020 WL 4347373, at *1 (E.D. Pa. July 29, 2020).

Brooks is now 58 years old and has served over 26 years of his sentence.  He is currently incarcerated in the United States Penitentiary in Victorville, California.

On April 18, 2020, Brooks submitted to the court a pro se petition seeking judicial review of the Bureau of Prisons's decision to deny his request for release under the Act.  In that petition, Brooks argued that the length and consecutive running of his sentences under § 924(c)(1) violate the First Step Act.  Brooks also argued that he suffered from medical conditions that warranted his release.  The court denied his petition as to both grounds.  See id. at *4-6.

Brooks now moves the court to reduce his sentence again.  In his present motion for reduction of sentence, Brooks

argues only that the stacking of his § 924(c) conviction counts violates the First Step Act.[1]

II

As mentioned above, Brooks's motion for sentence reduction relies on 18 U.S.C. § 3582 as recently amended by the First Step Act. Section 3582(c)(1)(A)(i) provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission":

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

---

1. In a motion for the appointment of counsel filed contemporaneously with the present motion (Doc. # 477), Brooks also argues that he suffers from certain medical conditions that warrant his release under § 3582.

>>portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Congress has also enacted 28 U.S.C. § 994(t) which provides the following:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist if the defendant is (1) "suffering from a terminal illness"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to

provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

Our Court of Appeals recently held in United States v. Andrews that a district court is not bound by the Sentencing Commission's policy statement in deciding what is an extraordinary and compelling reason.  12 F.4th 255 (3d Cir. 2021).  Still, the court may look to the policy statement as a guide, even if it is not ultimately binding.  Id. at 260.

III

Brooks first argues that a reduction in his sentence is warranted because of the amendments to 18 U.S.C. § 924(c) under the First Step Act.  In 1996 Brooks was sentenced to forty-five years, which consisted of three consecutive terms of imprisonment of five, twenty, and twenty years respectively.  At the time, § 924(c) required such a severe sentence because each subsequent count after the first carried a mandatory minimum sentence of twenty years that ran consecutively.  In 2018, Congress amended § 924(c) as part of the First Step Act to mitigate those harsh penalties.  With limited exception, the Act lowered the mandatory minimum for each count.  Thus, if Brooks were sentenced on his three convictions today, having brandished a firearm on each occasion, he would have received a twenty-one-year sentence.  § 924(c)(1)(A)(ii).  But Congress expressly applied this amendment only to individuals who had not yet been

-5-

sentenced when the First Step Act was passed.  E.g., United States v. Hodge, 948 F.3d 160, 162-63 (3d Cir. 2020).

Brooks argues that because he would receive a lesser term of imprisonment if sentenced today, extraordinary and compelling reasons exist for his release.  This argument can be rejected out of hand.  Our Court of Appeals has made clear, "The nonretroactive changes to the § 924(c) mandatory minimums . . . cannot be a basis for compassionate release."  Andrews, 12 F.4th at 261.  More precisely, "Congress's nonretroactive sentencing reductions are not extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)."  Id. at 262.  Brooks's petition will be denied on these grounds.

IV

Brooks has filed a motion for appointment of counsel contemporaneously with his motion for sentence reduction in which he argues that he suffers from medical conditions that present extraordinary and compelling reasons warranting his release.  In contrast to his argument on § 924(c) stacking, however, there is no evidence he presented these arguments to the Bureau of Prisons as § 3582(c)(1)(A) requires.  Accordingly, to the extent Brooks argues that his medical conditions warrant a reduction in sentence, the court will deny his motion without prejudice.  Brooks must first seek relief from the Bureau of Prisons on these grounds and await the thirty days allowed for

-7-

the Bureau of Prisons to decide the matter.  § 3582(c)(1)(A); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

V

Brooks has not established an extraordinary and compelling reason that warrants his release under § 3582(c)(1)(A).  Accordingly, the court will deny the motion of Brooks for a reduction in sentence.