IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| CHARLES AARON BROOKS | : | NO. 95-564-1 |

MEMORANDUM

Bartle, J.                                                    March 4, 2024

      Defendant Charles Aaron Brooks has filed what the court deems to be his fifth pro se motion in the past four years for a reduction in sentence or compassionate release pursuant to 18 U.S.C § 3582(c)(1)(A) (Doc. # 533).[1] His present motion advances largely the same bases for compassionate release as he has previously asserted. He does not qualify for compassionate release.

      On July 27, 1996, a jury found defendant guilty of one count of conspiracy to commit armed robbery in violation of 18 U.S.C. § 371, four counts of armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113 and 2, and three counts of using a firearm during a violent crime under 18 U.S.C. § 924(c)(1). On November 13, 1996, Judge Edmund V. Ludwig sentenced defendant to a total term of 66 years and 10 months of

---

1. The court has previously issued orders denying defendant's motions for compassionate release on July 29, 2020 (Docs. # 461-62), April 5, 2022 (Docs. # 482-83), September 1, 2022 (Doc. # 503), and June 6, 2023 (Doc. # 529).

imprisonment.  At the sentencing hearing, Judge Ludwig stated that, in his view, an appropriate sentence would have been one-third of the time then-mandated under Section 924(c)(1).

Brooks is now 58 years old and has served over 26 years of his sentence.  He is currently incarcerated in the United States Penitentiary in Victorville, California.

In his motion, defendant identifies a litany of health issues he has experienced.  This may be considered an extraordinary and compelling reason for compassionate release where defendant's illness is terminal, causes a serious functional or cognitive impairment, is experiencing "deteriorating physical or mental health because of the aging process" such that defendant cannot "provide self-care" and is not expected to recover.  U.S. Sent'g Guidelines § 1B1.13(b)(1)(B)(iii).

Based on a review of defendant's medical records, it is clear none of the above situations exists.  All of defendant's illnesses and conditions are currently being treated by the Bureau of Prisons.  He receives regular medical attention and is prescribed medications where appropriate.  Though he certainly has medical conditions that necessitate treatment, such treatment is currently accessible to him.

Defendant also identifies abuse and harassment he allegedly continues to suffer at the hands of various

individuals within the federal prison system.  The court has read these allegations as a further basis for compassionate relief.  The government states that defendant has three administrative complaints regarding abuse at the Bureau of Prisons currently pending review.

Section 1B1.13(b)(4) of the Sentencing Guidelines states that in order for a court to consider abuse as an extraordinary and compelling reason justifying compassionate release, such "misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger."  None of these criteria has been met.

Setting aside whether defendant has established his sentence qualifies as "unusually long" under Section 1B1.13(b)(6) of the Sentencing Guidelines governing compassionate release motions, the court has previously found that the 18 U.S.C. § 3553(a) factors "heavily weigh against Brooks' release." United States v. Brooks, Crim. A. No. 95-564, 2020 WL 4347373, at *4 (E.D. Pa. July 29, 2020).  At the time of that finding, defendant had "accumulated over 75 infractions" over 25 years of custody.  Id.  This pattern has continued and defendant now has more than 86 infractions.  As there has been no material change to his disciplinary record, the § 3553(a)

factors continue to weigh against release.  Accordingly, the motion of defendant Charles Aaron Brooks for compassionate release and sentence reduction under 18 U.S.C. § 3582(c)(1)(A) will be denied.